UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Amazon Capital Services, Inc., | Civil Action No. 1:20-cv-08333 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| Benzion Lebowitz, | |
| Defendant. | |

## **ANSWER**

Defendant Benzion Lebowitz, by his attorneys The Mortner Law Office, answering the complaint herein,

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 1 of the complaint, except admits that Amazon.com, Inc. provides a platform for third parties to sell products through the Amazon.com website.

2. Admits the allegations asserted in paragraph 2 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted that since 2012, Better Linen generated more than $24 million in gross sales, and in the 2018 calendar year alone, Better Linen generated sales of more than $3 million using the Amazon platform.

3. Denies the allegations asserted in paragraph 3 of the complaint, except admits that Amazon Capital Services offers business loans to certain sellers to support their selling businesses on Amazon.

4. Denies the allegations asserted in paragraph 4 of the complaint, except admits that on July 26, 2018, Better Linen applied for a loan from Amazon Capital Services in the amount of $296,369.00.

5. Denies the allegations asserted in paragraph 5 of the complaint.

6. Neither denies nor admits the allegations asserted in paragraph 6 of the complaint, since they do not allege facts, but rather assert a legal position.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 7 of the complaint.

8. Denies the allegations asserted in paragraph 8 of the complaint, except admits that Defendant is an individual and part owner of Better Linen and resides in Monroe, New York.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 9 of the complaint.

10. Denies the allegations asserted in paragraph 10 of the complaint, except admits that Defendant resides in New York State.

11. Admits the allegations asserted in paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 12 of the complaint, except admits that Better Linen sold products utilizing the Amazon platform for a period of years.

13. Denies the allegations asserted in paragraph 13 of the complaint.

14. Denies the allegations asserted in paragraph 14 of the complaint, except admits that on July 26, 2018, Better Linen, through Mr. Lebowitz, applied for the Loan from Amazon

Capital Services, and refers to said "Loan Agreement" for a complete and accurate statement of its terms and conditions.

15. Denies the allegations asserted in paragraph 15 of the complaint and refers to said "Loan Agreement" for a complete and accurate statement of its terms and conditions.

16. Denies the allegations asserted in paragraph 16 of the complaint.

17. Denies the allegations asserted in paragraph 17 of the complaint and refers to said "Personal Guaranty" for a complete and accurate statement of its terms and conditions.

18. Denies the allegations asserted in paragraph 18 of the complaint.

19. Denies the allegations asserted in paragraph 19 of the complaint.

20. Denies the allegations asserted in paragraph 20 of the complaint, except admits that Amazon Capital Services contacted Mr. Lebowitz multiple times 2019.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 21 of the complaint.

22. Repeats the responses to paragraphs 1 through 21 of the complaint in response to paragraph 22 of the complaint.

23. Denies the allegations asserted in paragraph 23 of the complaint.

24. Denies the allegations asserted in paragraph 24 of the complaint.

25. Denies the allegations asserted in paragraph 25 of the complaint.

26. Denies the allegations asserted in paragraph 26 of the complaint.

27. Denies the allegations asserted in paragraph 27 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

28. The guaranteed obligations under the "Personal Guaranty," dated July 26, 2018, are limited to indebtedness, liabilities and obligations of Better Linen arising from the "Loan Agreement" referred to in the Complaint, relative to the Application dated July 26, 2018.

29. The "Loan Agreement" referred to in the Complaint provides that Better Linen's promise to pay would arise only if Amazon Capital Services, Inc. makes a loan to Better Linen in the principal amount of the Loan Request Amount.

30. No funds were advanced to Better Linen as a result of the "Loan Agreement", and no loan was made.

31. Therefore, no indebtedness, liabilities and obligations of Better Linen arose from the "Loan Agreement," and, thus, there are no guaranteed obligations under the "Personal Guaranty".

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

32. The sole consideration for the execution and delivery of the "Personal Guaranty" described in the complaint was plaintiff's promise to make a loan to Better Linen in the amount of $296,369.00.

33. Plaintiff failed to fund the loan to Better Linen.

34. Therefore, there is a failure of consideration for the "Personal Guaranty".

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

35. Plaintiff is not the proper party to bring this action because the "Personal Guaranty" is made to Amazon.com, Inc. – not Amazon Capital Services, Inc.

36. Therefore, Plaintiff lacks standing.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

37. The "Personal Guaranty" was signed in an official business capacity, and not in an individual capacity, thus negating the personal nature of the instrument.

38. Therefore, Defendant is not personally liable under the "Personal Guaranty".

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

39. Defendant is not liable for the "Personal Guaranty" because he was fraudulently induced into signing the "Personal Guaranty" by false and misleading statements that Plaintiff would advance funds to Better Linen.

40. These false and misleading statements were made to Defendant to induce his assumption of personal liability.

Dated: November 24, 2020
New York, NY

                                              The Mortner Law Office

                                              By: _____
                                                  Moshe Mortner, Esq.
                                            30 Wall Street, 8th Floor
                                            New York, NY  10005
                                            (877) 365-2177
                                            *Attorneys for defendant Benzion Lebowitz*